## E. S. FOWLER
### v.
## S. H. RICHARDSON.

*Replevin—Written Contract—Parol Evidence—Judgment—Form of.*

1. Evidence touching a parol contract is inadmissible, when the effect thereof would be to vary one in writing between the same parties.

2. Where, in an action of replevin, the trial court instructed the jury to find as in case of non-suit, which was accordingly done, and the motion for a new trial being overruled, "it was ordered that the defendant recover of the plaintiff possession of the property, with one cent damages and costs, with execution therefor, and that a writ of *retorno habendo* should issue therein," the judgment was correct in substance and sufficient in form.

[Opinion filed November 23, 1889.]

APPEAL from the Circuit Court of Sangamon County; the Hon. J. A. CREIGHTON, Judge, presiding.

Messrs. GROSS & BROADWELL and CONNELLY & MATHER, for appellant.

Messrs. PATTON & HAMILTON and W. F. HERNDON, for appellee.

WALL, J.   This was an action of replevin by appellant against appellee, for two barrels of linseed oil, one barrel mineral paint and a quantity of white lead in oil, brought before a justice of the peace, and appealed to the Circuit Court.   The case · coming on to be tried by jury, E. S. Fowler, plaintiff, testifies: "I am the plaintiff in this suit; I made a contract on the 10th day of May, with defendant, to paint my house.   I have it here in writing.   He came to my house and offered to do it for $100.   A contract was entered into at that time; it was in · writing.   Here is the writing.   I wrote it, and the paper has been in my possession since it was signed.   Richardson said if I would advance him $70 to buy the paint he would do the job."   Paper is read to the jury as follows:

"May 10, 1888.

"Received of Dr. E. S. Fowler seventy dollars, on contract to paint the roof of his house and barn two coats, and all new wood work outside three coats, which I agree to do for one hundred dollars, balance to be paid on completion of work, and any paint remaining to be delivered to Dr. Fowler.

"S. H. RICHARDSON."

Whereupon plaintiff offered to prove as follows:

"That a parol contract was made between plaintiff and defendant on May 10, 1888, for the painting of plaintiff's house and barn, and that plaintiff by that contract advanced $70 to the defendant, who, by the contract, was to use this money in buying the paint and oil to be used in painting the house, and was to place the oil and paint in the plaintiff's barn, mix it there, and leave there all the paint and oil that should remain

after the painting was completed, and that after this contract was agreed on the plaintiff paid the $70 to the defendant and took from him the writing to evidence that the $70 were used by defendant in buying the paint and oil named in the writ of replevin in this case, and that defendant refused to deliver it at the barn of plaintiff, and refused to surrender it to plaintiff on demand, or to do the work." And the court refused to allow said proposed evidence to be given to the jury, and plaintiff excepted to the ruling of the court rejecting said evidence. And thereupon the court instructed the jury to render a verdict as in case of non-suit, which was done.

The plaintiff, to recover, was required to prove that he was the owner, or lawfully entitled to the possession of the property. The written paper was evidence of a contract to paint the house and barn for $100, upon which contract $70 was advanced, and that whatever paint remained was to be delivered to the plaintiff. The offered oral evidence was for the purpose of showing that $70 of the money should be appropriated to the purchase of paint, and that therefore the defendant should have but $30 for his work. To this extent it tended to vary the writing which shows a contract for $100 for the whole job, work and material considered. By the writing, if the defendant was able to provide the necessary material for less than $70, he would have more than $30 for his work.

The oral evidence offered did not, in terms, show that the paint in suit was actually bought with the money advanced, but if it is to be inferred that such was the fact from what was offered, it would not follow that the plaintiff was entitled to recover it, unless the effect of the proof would be to show that the paint, when so bought, was to belong to the plaintiff or to be placed in his possession. It is by no means clear, if the facts offered to be proved were true, that the plaintiff could successfully assert such claim; but if such a construction could fairly be placed upon the offered proof, then the effect would be to vary materially the written contract, under which the defendant would be entitled to own and control all unused material until the completion of the work, and then *any paint remaining was to be delivered to the plaintiff.* It is well set-

tled that the familiar rule which prohibits the variation or contradiction of a written instrument by parol contemporaneous evidence is not violated by parol proof of matters not embraced in the writing, and not inconsistent with it.  It is not infrequent that a contract is put in writing in part only, the residue being unnoticed, and in such cases the unwritten part may be proved by parol or verbal evidence.  We are of opinion, however, that this is not such a case, and that the real effect of the proposed proof is to vary what is written.

The court properly rejected the evidence, and as the plaintiff did not propose to make further proof, it was proper to instruct the jury to find the issues for the defendant.

Objection is taken to the form of the judgment.  The bill of exceptions states that "the court instructed the jury to find as in case of a non-suit, which was accordingly done." The verdict is not set out in the bill, though it appears in full in the order of court showing the trial.

The motion for new trial being overruled, it was ordered that the defendant recover of the plaintiff possession of the property, with one cent damages and costs, with execution therefor, and that a writ of *retorno habendo* should issue therein.  The judgment is correct in substance, and is sufficiently formal.  R. S., Chap. 119, Sec. 22.

No other objections being urged, the judgment will be affirmed.

*Judgment affirmed.*